Van Voorhis, J.
(dissenting). This city rent law, it seems to me, is unconstitutional. Chapter 21 of the Laws of 1962 revoked the applicability of the 1961 equalization rate and restored the 1954 rates outside of New York City, empowering the city to authorize its own rent control system. The challenged city rent law, effective May 1, 1962, provides for a rent *311 increase if a landlord is earning less than 6% of the value of his property, “ value ” being defined as current assessed value in effect at the time the application is filed.
We upheld the constitutionality of the year moratorium on rent increases of the City of New York (7. L. F. Y. Co. v. City Bent é Rehabilitation Administration, 11 N Y 2d 480), and upheld the application of the 1954 rather than the 1961 equalization rate in Bucho Holding Co. v. Temporary State Housing Bent Comm. (11 N Y 2d 469). Although in dissenting in the Bucho case, Judge Burke and I thought that the 1954 equalization rates were an anachronism having no relation to present reality, and that the statute for outside of New York City was as void as it would have been if it had re-enacted any completely out-of-date equalization rate, it still follows that the court held that the 1954 rates could be found by the Legislature to have some present relevance. What was there sustained was the assessed valuation as adjusted by an equalization rate. It may well be, as said in the opinion by Judge Fuld in Bucho, that considerations of practicality and feasibility led the Legislature to make the valuation base the readily ascertainable equalized assessed value, or sales price, and to exclude appraisals and other valuation indicia which might be considered in condemnation and tax certiorari proceedings. It still is true that, theoretically, at least, equalization was provided for.
The argument is misdirected, to be sure, that this local law and the enabling act on which it is based are invalid due to imposing a different system for administering rent control in New York City from that which obtains elsewhere in the State. It does not follow, however, that the city enactment can arbitrarily impose a different rate of return from real property of the same kind according to the mere accident of whether it happens to be situated in one or another of the five counties in the City of New York. We were told upon the argument that the equalization rates indicate that real property in Queens is assessed at about 60% of full value, whereas it is assessed at 98% in Manhattan. It seems plain that there is no reasonable basis for classification between properties of the same kind depending on whether they are situated in Manhattan or Queens. In the latter instance a rate of return, based upon unequalized assessed valuation, would be approximately 40% *312 less than in the former for no reason whatever. Such a distinction is purely arbitrary.
It is no answer to say that equalization has nothing to do with the case inasmuch as it is a ratio applying to all of the real properties in a county without being allocated or apportioned to each parcel. It is easy enough to render it applicable to each parcel by simply applying the ratio to the assessed valuation as it appears upon the assessment roll. That is the manner in which it is done outside of New York City pursuant to statute, and there is no reason on account of which it cannot be done with equal facility and accuracy to parcels of real property within New York City. The point seems clear that it denies the equal protection of the laws to make an arbitrary distinction in the rates of return allowed on properties identical in every respect except in which county in the city they are located. In providing for equalization, the Legislature has recognized that properties in different localities are assessed at different proportions of full value. The Bucho case at least pays lip service to this principle, in that the constitutionality of that statute was saved by reintroducing the 1954 equalization rate. To that extent Bucho appears to be an authority in favor of reversal here.
This is an article 78 proceeding in which petitioner seeks to have the 1961 equalization rate applied, on the theory that the city cannot enact a local law without any equalization rate and that the 1954 equalization rate was not reintroduced as was done by the State outside of New York City as upheld in the Bucho case. If this provision of the city enactment be invalid, then it would seem that the earlier State law would be reverted to, under which the 1961 equalization rate was applied, or else the 1962 local law is invalid altogether. In either event petitioner would be entitled to the relief asked.
Judges Dye, Fuld, Burke, Foster and Scileppi concur with Chief Judge Desmond; Judge Van Voorhis dissents in a separate opinion.
Order affirmed.